Filed 1/19/21  P. v. Jiminez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ANDREW JIMINEZ,<br><br>        Defendant and Appellant. | A159804<br><br>(Contra Costa County<br>Super. Ct. No. 50606632) |

Defendant Robert Andrew Jiminez appeals from an order denying his petition to recall and vacate his conviction pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred in determining he did not qualify for resentencing under section 1170.95.  We affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, the People charged defendant and co-defendant Joseph Torres by information with the 2005 murder of Diego Perasa (§ 187), and one count of shooting at an inhabited dwelling (§ 246).  As to both counts, the People further alleged that defendant personally used, and intentionally and personally discharged a firearm causing Perasa's death (§ 12022.53,

---

[1]    All further statutory references to the Penal Code unless otherwise stated.

1

subds. (b)–(d)), and that he committed the offenses with the specific intent to benefit, promote, further, or assist the unlawful conduct of a criminal street gang (§ 186.22).[2]

Six days into his jury trial, defendant pled no contest to one count of voluntary manslaughter (§ 192, subd. (a)), which was added to the information. As to this count, he agreed the upper term of 11 years could be imposed. He also pled no contest to an enhancement for personal use of a firearm (§ 12022.5, subd. (a)) and a gang enhancement (§ 186.22, subd. (b)(1)). In his plea form, he indicated that he understood the court could impose a maximum sentence of 31 years. In 2007, the court sentenced him to a total determinate term of 25 years in prison: 11 years for the voluntary manslaughter count, 4 years for the firearm use enhancement, and 10 years for the gang enhancement.

In May 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. In his form petition, defendant checked boxes indicating that: a charging document was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was charged with first or second degree murder and accepted a plea bargain for manslaughter in lieu of going to trial because he believed he could have been convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder because of recent changes made to sections 188 and 189.

---

[2] The record contains no details concerning the facts underlying the charges. Defendant explains he provides no factual summary because this appeal presents "only a legal challenge" to the trial court's ruling.

Upon defendant's request, the trial court appointed the Contra Costa County Public Defender to represent him. Following the filing of opposition and reply briefs, the court held a hearing and heard argument. Ultimately, the court denied the petition, reasoning that section 1170.95 plainly and unambiguously applies only to those who have been convicted of felony murder or murder under the natural and probable consequences doctrine, and relief was therefore unavailable to defendant who was convicted of voluntary manslaughter. The court rejected defendant's equal protection argument on the ground that defendant is not similarly situated to those convicted of murder.

## DISCUSSION

### A. Overview of Senate Bill No. 1437

Section 1170.95 was enacted as part of Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 accomplished this through amendments to sections 188 and 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Specifically, SB 1437 amended the definition of "malice" in section 188 to read: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) SB 1437 also amended the felony murder rule in section 189 to provide that a participant in the perpetration or attempted perpetration of an enumerated

3

felony resulting in death is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Further, SB 1437 added section 1170.95, which allows defendants convicted of murder to seek retroactive relief if SB 1437's changes in the law would affect their previously sustained convictions. As relevant here, section 1170.95 provides: "A person convicted of *felony murder or murder under a natural and probable consequences theory* may file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was *convicted of first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be *convicted of first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, italics added.)

## B. Analysis

Defendant contends the trial court erred in determining he did not qualify for resentencing under section 1170.95 because he was not convicted

4

of murder, but only of voluntary manslaughter. Principally, he contends section 1170.95 is ambiguous and the ambiguity must be resolved in his favor. This is so, he claims, because the Legislature's intended purpose in passing the law was to offer relief to defendants convicted of "homicide" offenses, including manslaughter. In support, he points to the uncodified legislative findings and declarations for SB 1437, which state: "There is a need for statutory changes to more equitably sentence offenders in accordance with their involvement in *homicides*." (Stats. 2018, ch. 1015, § 1, subd. (b), italics added.) He also claims: the conditions required to obtain relief set out in subdivision (a) of the statute—including that a petitioner "accept[] a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder"—apply to defendants such as himself; the maxim of jurisprudence that "[t]he greater contains the less" suggests we can interpret the statute's use of the word "murder" to include lesser included offenses such as voluntary manslaughter; and the trial court's interpretation of section 1170.95 creates an absurd and unintended result by excluding defendants who accepted a plea deal for manslaughter and who satisfy section 1170.95, subdivision (a)(2), while providing relief to more culpable defendants convicted of murder.

Next, he contends the legislative history, as recounted in *People v. Turner* (2020) 45 Cal.App.5th 428, does not resolve the alleged statutory ambiguity. Last, he contends interpreting the statute to exclude defendants convicted of manslaughter from relief violates state and federal equal protection principles. He alleges defendants "charged with murder arguably based on felony murder and natural and probable consequences theories of aiding and abetting and who accepted non-murder plea offers, are similarly

5

situated to those who were similarly charged but were convicted of murder" and there is no rational basis for disparate treatment.

We review defendant's claims de novo (*People v. Tran* (2015) 61 Cal.4th 1160, 1166) and find them without merit.

Section 1170.95 is not ambiguous. It plainly and unambiguously offers relief only to defendants "convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) Numerous courts, including Division Two of this court, are in accord, and have in substance addressed and rejected the arguments defendant presently raises. (See *People v. Paige* (2020) 51 Cal.App.5th 194, 201–205; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920; *People v. Turner* (2020) 45 Cal.App.5th 428, 433–439; *People v. Flores* (2020) 44 Cal.App.5th 985, 989, 992–997; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 886–888.) While defendant, to his credit, acknowledges these cases and the fact that none is in his favor, he presents no persuasive argument why we should question their soundness or deviate from their holdings. Thus, we shall not do so.

No previous case has apparently considered an invitation like defendant's to rely on the maxim of jurisprudence that "[t]he greater contains the less" (Civ. Code, § 3536) in order to interpret the statutory term "murder" to include lesser included offenses such as voluntary manslaughter. But the argument has no merit. Maxims of jurisprudence are meant to aid in the just application of law, not to support interpretations of statutes that push their application beyond their plain meaning. (*Id.*, § 3509; cf. *National Shooting Sports Foundation, Inc. v. State of California* (2018) 5 Cal.5th 428, 433.) Generally, such maxims are inert where their application would frustrate the intent underlying a statute. (*Wishnev v. The Northwestern Mutual Life Ins. Co.* (2019) 8 Cal.5th 199, 213–214.) Here, case law supports (and we agree)

that the Legislature intended section 1170.95 to afford relief to defendants convicted of murder, not manslaughter. (*People v. Turner*, *supra*, 45 Cal.App.5th at pp. 435–438.)

We affirm the order denying defendant's resentencing petition.

## DISPOSITION

The order denying the petition for resentencing pursuant to section 1170.95 is affirmed.

_____

Fujisaki, J.

WE CONCUR:


_____

Siggins, P.J.


_____

Petrou, J.



A159804